BPS-296                                              **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

NO. 05-3046

IN RE: GERALD O. JACKSON,
Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 03-cv-05682)

Submitted Under Rule 21, Fed. R. App. Pro.
JULY 8, 2005
Before: RENDELL, FISHER AND VANANTWERPEN, CIRCUIT JUDGES

(Filed July 22, 2005)

OPINION

**PER CURIAM**

Gerald Jackson has filed a petition for writ of mandamus, seeking to compel the Unites States District Court for the District of New Jersey to rule upon a supplemental motion in which he raised a claim under Blakely v. Washington, 542 U.S. 296 (2004). We will deny the mandamus petition.

In 2003, Jackson filed a pro se motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence, alleging claims of ineffective assistance of counsel. Jackson twice supplemented his § 2255 motion, including his request for

permission to extend the application of Blakely. The District Court denied the § 2255 motion without expressly ruling upon the Blakely "motion." Jackson appealed, and recently we denied a certificate of appealability. See C.A. No. 04-4622.

Mandamus is a drastic remedy only appropriate in extraordinary circumstances. Kerr v. United States Dist. Ct., 426 U.S. 394, 403 (1976). The main purpose is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). To qualify for relief, the petitioner must have no other adequate means to obtain the relief, and must show that the right to issuance of the writ is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

The District Court provided Jackson with notice pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Jackson supplemented his § 2255 motion adding several additional claims, all of which were addressed by the District Court in its August 25, 2004 order. Although the District Court's opinion did not specifically address Jackson's supplemental Blakely claim, Jackson did not re-raise this claim in his motion for reconsideration or on appeal. Because both of these avenues were viable alternatives for pursuing his Blakely claim, Jackson plainly had other adequate means of relief.

In conclusion, because Jackson has not shown a clear and indisputable right to the writ, we will deny his petition.