NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GERALD OJOBI JACKSON, *pro se* | : | |
|     Petitioner, | : | Civ. No. 03-5682 (GEB) |
| | : | |
|     v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION** |
| | : | |
|     Respondent. | : | |
| | : | |

**BROWN, C.J.**

This matter comes before the Court upon *pro se* Petitioner Gerald Ojobi Jackson's ("Petitioner") deficient motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). The Court decided the motion based on the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Petitioner's motion is denied.

**BACKGROUND**

On October 5, 2000, Petitioner was found guilty of conspiring to distribute a controlled substance involving more than 100 grams of heroin.[1] Petitioner was sentenced to 262 months imprisonment with four years of supervised release and a $5,000 fine. Petitioner appealed his conviction to the Court of Appeals for the Third Circuit. The Third Circuit affirmed this Court's findings on June 14, 2002. Petitioner timely filed a motion to vacate, correct, or set aside his

---

[1] For greater details concerning the factual and procedural background of this case, see this Court's Memorandum Opinion dated August 24, 2004.

sentence under 28 U.S.C. § 2255, asserting ineffective assistance of counsel claims.  On August 24, 2004, this Court denied his § 2255 motion with prejudice.

Petitioner moved for reconsideration of this Court's decision on September 13, 2004.  This Court denied the motion on October 6, 2004.  Petitioner again appealed to the Third Circuit.  By Order dated May 9, 2005, the court concluded that this Court did not abuse its discretion in denying Petitioner's motion for reconsideration and further denied Petitioner's request for the issuance of a certificate of appealability.  Petitioner filed the instant motion to vacate judgment pursuant to Rule 60(b)(6).  In this motion entitled "Motion to Vacate Judgment of Section 2255 Pursuant to Rule 60(b)(6)," the sole form of relief Petitioner seeks is the issuance of a certificate of appealability in order for the Third Circuit to consider whether *Crawford v. Washington*, 541 U.S. 36 (2004) should apply retroactively to cases on collateral review.  (Pet.'s Br. at 2).

### DISCUSSION

Rule 60(b)(6) provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any [] reason justifying relief from the operation of the judgment."  FED. R. CIV. P. 60(b)(6).  The Third Circuit has stated "that only extraordinary, and special circumstances justify relief under Rule 60(b)(6)."  *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (citing *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986) (quotations omitted)).  In the present case, Petitioner argues that such relief is warranted because the Third Circuit should be presented with the opportunity to consider whether *Crawford* should apply retroactively to cases on collateral review in light of certain decisions rendered by the Fifth and Ninth Circuits.  Petitioner contends that this Court should issue

a certificate of appealability on this basis. (Pet.'s Br. at 2).

The Third Circuit has adopted an approach in determining whether a court should issue a certificate of appealability. Specifically, a certificate should issue "only if the petitioner makes: (1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights." *Morris v. Horn*, 187 F.3d 333, 340 (3d Cir. 1999). In the present case, Petitioner fails to meet either of these requirements. In a conclusory fashion, Petitioner merely asserts that the certificate should issue because "jurists of reason could decide the [retroactive applicability of *Crawford*] differently" in light of the decisions of the Fifth and Ninth Circuits. In his motion, Petitioner does not even identify which, if any, constitutional right he was allegedly deprived. This is insufficient to satisfy the requirement for a certificate of appealability. Without providing any other basis for this Court to consider, the Court concludes that Petitioner fails to present extraordinary circumstances that would warrant granting the relief he seeks under Rule 60(b)(6). Consequently, Petitioner's motion is denied.

## CONCLUSION

For the reasons stated above, the Court denies Petitioner's motion.  A appropriate form of Order accompanies this Memorandum Opinion.


Dated:        April 24, 2006


   s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.